1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 KEISHAN HERBERT ENIX, | ) | Case No.: 1:15-cv-01363-JLT |
| 12     Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS TO |
| 13     v. | ) ) | DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| 14 ANDRE MATEVOUSIAN, | ) ) | ORDER REQUIRING THAT OBJECTIONS BE |
| 15     Respondent. | ) ) | FILED WITHIN TWENTY-ONE DAYS |
| 16 | ) ) | ORDER DIRECTING CLERK OF COURT TO |
| 17 | ) | ASSIGN DISTRICT JUDGE TO CASE |

18       Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2241.

20                             **PROCEDURAL HISTORY**

21       Petitioner filed the instant federal petition on September 4, 2015.  The petition indicates that on

22 October 29, 2013, Petitioner was convicted in the United States District Court for the Middle District of

23 Florida, of the brandishing a firearm during the commission of a crime of violence.  (Doc. 1, p. 4).

24 Petitioner was sentenced to a term of 168 months.  The petition is challenging his sentence on the

25 grounds that the charge of felon in possession of a firearm, as part of his guilty plea, was inconsistent

26 with his plea of guilty to the charge of brandishing a firearm.  (Id.).  On August 13, 2014, Petitioner's

27 motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the sentencing

28 court, was denied.  (Id.).  The sentencing court indicated that dismissal of the felon in possession

charge does not mean that Petitioner did not brandish a firearm during the commission of the robbery, and that the dismissal of that charge took place after Petitioner had entered his guilty plea on the substantive charge.  (Id., p. 5).

Petitioner now brings this habeas petition, in which he raises three challenges to his sentence: (1) violation of due process in applying the definition of "violent felony" under the career offender guidelines; (2) the state criminal conduct used to enhance his sentence is unconstitutionally vague; and (3) the federal court cannot use a state conviction as a qualifying offense for a career offender enhancement in federal court.  (Doc. 1, pp. 7-8).

As discussed more fully below, because the Court has determined that Petitioner's claim challenges his original sentence, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

Title 28 U.S.C. § 2255(e) provides as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's

execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegations in his petition, summarized *supra*, are clearly a challenge to the sentence imposed, not to the administration of that sentence.  Thus, the proper vehicle for challenging such a mistake is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."  Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.  Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If the petitioner fails to meet that burden, the sec. 2241 petition will be dismissed for lack of jurisdiction.  Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003),

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but

procedurally barred from filing a second or successive motion under § 2255.  Ivy, 328 F.3d at 1060-1061.  That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim."  Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision."  Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied  __ U.S. __, 129 S.Ct. 254 (2008).  "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."  Id., citing Ivy, 328 F.3d at 1060-61.

In Ivy, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise.  Ivy, 328 F.3d at 1058.  After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999.  Id.  The original motion was denied on its merits, while the second and third motions were denied as second and successive motions.  Id.  In 2000, Ivy filed his federal habeas petition in the Arizona district court.  Id.  The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective.  Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim.  Id. at 1059.  In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under 2255.  He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied).  Applying that standard, the Ninth Circuit rejected Ivy's claims, holding the law regarding continuing criminal enterprises had not changed subsequent to his conviction

and that he had indeed had an opportunity to raise such a claim in the past.  Id. at 1061.

As mentioned, the burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield, 315 F.2d at 83.  However, as in Ivy, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause.  Moreover, Petitioner acknowledges that he filed a prior § 2255 challenge to his sentence that the court denied. Petitioner was aware of the issues in the instant petition at the time of filing the § 2255 petition, and he could easily have raised those issues in those proceedings.  His failure to do so does not give Petitioner the authority to raise these claims anew in a § 2241 petition.  Clearly, § 2255 was adequate and effective notwithstanding Petitioner's failure to use that procedure or his lack of success in bringing other issues before the sentencing court.

Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion.  Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to show he is actually innocent of the charges against him.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008).  "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  Bousley, 523 U.S. at 623-624.  However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually

charged or consciously forgone by the Government in the course of plea bargaining.  See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  Reyes-Requena, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id. (emphasis supplied).  Because  § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims.").  Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Bousley, 523 U.S. at 620. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of

1  justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).  Here, Petitioner has failed

2  even to allege actual innocence, much less establish that fact by competent evidence.  Accordingly, the

3  Court can only conclude that § 2255 was neither inadequate or ineffective.

4      Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez,

5  204 F.3d at 864-865.  Because this Court is only the custodial court and construes the petition as a §

6  2255 motion, this Court lacks jurisdiction over the petition.  Hernandez, 204 F.3d at 864-865. Although

7  Petitioner indicates that he unsuccessfully brought a motion pursuant to § 2255 in 2003, the denial of a

8  prior § 2255 motion, as mentioned above, does not render it inadequate or ineffective.  Aronson, 85

9  S.Ct. at 5; Lorentsen, 223 F.3d at 953.  In sum, should Petitioner wish to pursue his claims in federal

10  court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28

11  U.S.C. § 2255.[1]

12                              **ORDER**

13      For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States

14  District Judge to this case.

15                          **RECOMMENDATION**

16      Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

17  DISMISSED for lack of jurisdiction.

18      This Findings and Recommendation is submitted to the United States District Court Judge

19  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

20  Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one

21  (21) days after being served with a copy of this Findings and Recommendation, any party may file

22  written objections with the Court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be

24  served and filed within ten (10) court days (plus three days if served by mail) after service of the

25  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

26

27  [1]A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally
    sentenced*.  In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Middle

28  District of Florida. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**September 21, 2015**__ _____**/s/ Jennifer L. Thurston**_____
UNITED STATES MAGISTRATE JUDGE

8